UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Jane Doe, | Court File No.  17-CV-04164 (DSD.DTS) |
| Plaintiff, | |
| vs. | **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT** |
| Minnesota Department of Public Safety; Minnesota  Department of Public Safety Does (1-10); Kathy Daley, in her individual and official capacity; and Kim Jacobson, in her individual and official capacity, | |
| Defendants. | |

## INTRODUCTION

Plaintiff brings suit against the Minnesota Department of Public Safety ("DPS") and DPS employees Kathy Daley and Kim Jacobson for alleged violations of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721 *et seq.*, and for Minnesota common law invasion of privacy.  Defendant Daley and Defendant Jacobson are sued in their individual and official capacities.  Plaintiff also purports to sue Doe defendants working for DPS.[1]  Plaintiff's Complaint should be dismissed in its entirety and with prejudice for the reasons discussed below.

---

[1] Plaintiff names Doe defendants working as employees, agents, and contractors for DPS, but does not plead sufficient detail to identify who they are, or if they even exist. (Compl. ¶ 10.)  The Doe defendants are assumed to be sued in their official capacity. *See, e.g., Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir.1999) ("[A] (Footnote Continued on Next Page)

## STATEMENT OF THE CASE

The following allegations are drawn from Plaintiff's Complaint and accepted as true for purposes of Defendants' motion to dismiss.

Plaintiff is a victim of ongoing domestic violence perpetrated by her ex-husband and/or his associates.  (*See generally* Compl.)  In May of 1999, Plaintiff divorced her ex-husband.  (*Id*. ¶ 7.)  Fearing reprisal, Plaintiff petitioned the Dodge County Court to have her name changed.  (*Id*. ¶¶ 8, 29.)  On July 6, 2000, Plaintiff asserts that her Petition for Name Change was granted and all related files and records were ordered sealed by the Dodge County Court.  (*Id*. ¶ 30.)  Thereafter, Plaintiff applied for and was issued a new driver's license. (*Id*. ¶ 31.)  Plaintiff does not allege, however, that the Dodge County court order was directed or provided to DPS or any other Defendant, nor does Plaintiff's Complaint detail any specific terms of the Dodge County court order.

Plaintiff asserts that her previous and assumed identities remained connected in the Department of Vehicle Services' ("DVS") database.  (*Id*. ¶¶ 11, 38.)  Based on this, Plaintiff alleges without explanation that her ex-husband was able to obtain her assumed identity.  (*Id*. ¶¶ 11, 12.)  Plaintiff alleges ongoing threats and assaults by her ex-husband and/or his associates.  (*See generally* Compl.)

_____

(Footnote Continued from Previous Page)
plaintiff must clearly sue public officials in their individual capacity or it will be assumed the official is sued in his official capacity").  Plaintiff's theory of liability with respect to the Doe defendants is the same as their theory of liability with respect to the named Defendants.  As a result, if the Court dismisses the named Defendants, it should also dismiss the DPS Doe defendants.

On June 28, 2017, Defendant Daley and Plaintiff spoke regarding her driver license records. (*Id.* ¶ 68.) Defendant Daley informed Plaintiff that she would erase from the DVS database any references to Plaintiff's previous identity and issue her a new driver's license. (*Id.* ¶ 70.) On June 29, 2017, Defendant Daley informed Plaintiff that she had taken the requisite measures and mailed Plaintiff a new driver's license. (*Id.* ¶ 72.) On September 6, 2017, Plaintiff filed the instant action. (Doc. 1.)

## STANDARD OF DECISION

"Subject-matter jurisdiction is a threshold requirement which must be assured in every federal case." *Kronholm v. F.D.I.C.*, 915 F.2d 1171, 1174 (8th Cir. 1990). The existence of subject matter jurisdiction in federal court is a question of law. *Keene Corp. v. Cass*, 908 F.2d 293, 296 (8th Cir. 1990). A federal court must dismiss a claim if it lacks subject-matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1), 12(h)(3). When evaluating these facial challenges to subject matter jurisdiction, "the court merely [needs] to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)) (emendation in original). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005). As it considers this facial challenge to subject matter jurisdiction brought under Rule 12(b)(1), "[t]he district court

may take judicial notice of public records and may thus consider them[.]" *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim must be granted where the complaint does not allege "enough facts to state a claim to relief that is plausible on its face" rather than merely "conceivable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 50 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "Courts must accept a plaintiff's specific factual allegations as true but are not required to accept a plaintiff's legal conclusions." *Brown v. Medtronic, Inc*., 628 F.3d 451, 459 (8th Cir. 2010) (quoting *Twombly*, 550 U.S. at 556). "A pleading need not include 'detailed factual allegations,' but it is not sufficient to tender 'naked assertion[s]' that are 'devoid of further factual enhancement.'" *Zink v. Lombardi*, 783 F.3d 1089 (8th Cir. 2015) (per curiam) (en banc) (quoting *Iqbal*, 556 U.S. at 678). In addition, "Rule 12(b)(6) authorized a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

## ARGUMENT

**I.    THE DEPARTMENT OF PUBLIC SAFETY AND DEFENDANTS NAMED IN THEIR OFFICIAL CAPACITIES CANNOT BE SUED IN A PRIVATE ACTION UNDER THE DPPA.**

Plaintiff brings suit against DPS and DPS employees, Kathy Daley and Kim Jacobson, in their individual and official capacities, for alleged violations of the DPPA.

The DPPA is a limited statute that regulates the access and disclosure of personal information contained in state motor vehicle records.  The DPPA grants a limited right of private suit, permitting private suits only against "persons" who knowingly and improperly obtain, disclose or use driver's license data.  18 U.S.C. § 2724.  The DPPA specifically excludes states and state agencies from the definition of "persons" who may be privately sued.  18 U.S.C. § 2725(2).  Consequently, it also precludes an action against a state official in his or her official capacity for damages or injunctive relief.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (finding that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and "[a]s such, it is no different from a suit against the State itself").  Rather, the DPPA confers the exclusive authority to take action against State departments of motor vehicles on the United States Attorney General:

> Any State department of motor vehicles that *has a policy or practice of substantial noncompliance with this chapter* shall be subject to a civil penalty imposed by the *Attorney General* of not more than $5,000 a day for each day of substantial noncompliance.

18 U.S.C. § 2723 (emphasis added).

Because the DPPA specifically exempts states and state agencies from the definition of "persons" who may be privately sued, Plaintiff's claims under the DPPA against DPS and Defendant Jacobson and Defendant Daley, in their official capacities, must be dismissed.

## II.   PLAINTIFF FAILS TO STATE A CLAIM UNDER THE DPPA.

In addition to improperly bringing a private suit against DPS and Defendants named in their official capacities, Plaintiff has also failed to state a claim under the DPPA against Defendants in their individual capacities.

### A.   Applicable Provisions of the DPPA.

The DPPA generally prohibits any state department of motor vehicles from "knowingly disclos[ing] or otherwise mak[ing] available to any person or entity personal information . . . about any individual obtained by the department in connection with a motor vehicle record." 18 U.S.C. § 2721(a). "Personal Information" is defined under the DPPA as:

> [I]nformation that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver's status.

18 U.S.C. § 2725.

The DPPA's general prohibition against disclosure is, however, subject to numerous exceptions.  There are some uses of personal information connected to safety, theft, or compliance with other federal statutes for which disclosure of personal

information is mandatory.  *See* 18 U.S.C. § 2721(b).  There are also fourteen enumerated uses for which disclosure is permissible, including disclosure of driver's license data to law enforcement, government agencies, auto dealers, civil litigants, academic researchers, insurers, private investigators, and many others.  18 U.S.C. § 2721(b).

### B.    Plaintiff Has Not Pled a Cause of Action Against Defendant Jacobson or Defendant Daley.

As addressed above, the DPPA grants a limited right of private suit, permitting private suits only against persons who knowingly and improperly obtain, disclose or use driver's license data for a purpose not permitted under the DPPA.  18 U.S.C. § 2724. Plaintiff has not pled a cause of action under the DPPA for two independent reasons, either of which requires dismissal.  First, Plaintiff does not allege that Defendants *personally* obtained, disclosed, or used her driver's license data.  Second, Plaintiff does not allege any disclosure or access of Plaintiff's personal information for an *improper purpose under the DPPA*.  Because Plaintiff does not allege any acts that fall within the limited scope of the provision permitting private suit under the DPPA, Plaintiff's claim must be dismissed.

### 1.    Plaintiff does not allege that Defendants personally obtained, disclosed, or used driver's license data.

Plaintiff does not allege that Defendant Jacobson or Defendant Daley *personally* obtained, disclosed or used Plaintiff's driver's license data.  The only specific conduct attributed to Defendant Jacobson in the Complaint is that she provided Plaintiff with a listing of entities that had accessed her driver's license records, and that she had

conversations with Plaintiff regarding the link in the DVS database between Plaintiff's previous and assumed identity. (Compl. ¶¶ 51, 54, 55.) Likewise, the only specific conduct attributed to Defendant Daley in the Complaint is that she spoke with Plaintiff regarding policies and procedures relating to name changes, informed Plaintiff she would take corrective measures, and that she informed Plaintiff that she had mailed Plaintiff a new driver's license. (*Id.* ¶¶ 68, 69, 70, 71, 72.)

As such, the Complaint establishes that Defendant Jacobson and Defendant Daley engaged in conversations with Plaintiff regarding her driver's license information, and ultimately indicated that corrective measures were being taken. None of the alleged personal conduct by Defendant Jacobson or Defendant Daley can be construed as "knowingly obtain[ing], disclos[ing] or us[ing] personal information, from a motor vehicle record, for a purpose not permitted" under the DPPA.

### 2. Plaintiff does not allege any disclosure or access of Plaintiff's personal information for an improper purpose under the DPPA.

In addition to failing to allege that Defendant Jacobson or Defendant Daley *personally* obtained, disclosed or used Plaintiff's driver's license data, Plaintiff's Complaint fails to allege any disclosure or access of Plaintiff's personal information for an *improper purpose under the DPPA.*

Plaintiff asserts that she was provided with documentation that her driver's license records were accessed 35 times since June 1, 2008. (Compl. ¶ 51.) Plaintiff does not allege, however, that any of the inquiries were for an improper purpose under the DPPA.

In fact, the only specific instances of disclosures and/or access of Plaintiff's personal information detailed in the Complaint would appear to fall squarely within the permitted purpose under 18 U.S.C. § 2721(b)(1), namely, "for use by any government agency, including any court or law enforcement agency, in carrying out its functions." (Compl. ¶¶ 37, 38, 39.) Moreover, look-ups by law enforcement would be consistent with the numerous threats and assaults against Plaintiff detailed in the Complaint, as well as her allegation that she made numerous police reports regarding her ex-husband. (*Id.* ¶¶ 4, 5, 26, 41, 43, 44, 45, 48, 49, 56, 57, 59, 60, 64, 65, 66, 73.)

In reality, Plaintiff's allegations are not that her personal information was accessed or disclosed for a purpose not permitted under the DPPA, but rather that her personal information, disclosed for a proper purpose to law enforcement, contained information relating to her previous identity. These allegations, however, fail to sustain a viable private right of action under the DPPA. The DPPA contains no provisions mandating the manner in which driver's license information is stored, handled, maintained, or supervised, nor does it outline any procedures or policies that a State motor vehicle department must follow when an individual is granted a name change and applies for a new driver's license. Plaintiff's claim also fails because there is no allegation that Defendant Jacobson or Defendant Daley acted with an impermissible purpose. To be liable under the DPPA, the Defendants themselves must have acted with an

impermissible purpose.  *See Kennedy v. City of Braham*, 67 F.Supp.3d 1020, 1045 (D. Minn. 2014).

Because Plaintiff has failed to allege that Defendant Jacobson or Defendant Daley *personally* obtained, disclosed, or used Plaintiff's driver's license data, and because Plaintiff does not allege that her personal information was accessed or disclosed for a *purpose not permitted under the DPPA*, Plaintiff's claims under the DPPA must be dismissed.

**III.    EVEN ASSUMING, ARGUENDO, THAT PLAINTIFF HAS PLED A CLAIM AGAINST THE DEFENDANTS UNDER THE DPPA, PLAINTIFF CANNOT MAINTAIN A SUIT FOR DAMAGES BECAUSE THE DEFENDANTS HAVE QUALIFIED IMMUNITY.**

As discussed above, Defendants did not violate the DPPA and therefore they should be dismissed from this case.  In the alternative, the Court should dismiss the damages claims against Defendants based on the doctrine of qualified immunity.

Qualified immunity shields officials, like Defendant Jacobson and Defendant Daley, from liability for damages for actions taken under color of law unless their conduct "violate[s] clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Here, although the DPPA may be clearly established federal law in many contexts, liability under the DPPA related to Plaintiff's name change, as pled by Plaintiff, was not clearly established at the time of the alleged conduct.  Plaintiff has alleged no conduct on the part of Defendant Daley or Defendant Jacobson that violates clearly established

statutory rights under the DPPA of which Defendants would have known.  As such, the Court should dismiss the damages claims against Defendants based on the doctrine of qualified immunity.

IV.  **PLAINTIFF'S STATE LAW TORT CLAIM SHOULD BE DISMISSED.**

Plaintiff asserts one count of common law invasion of privacy – intrusion upon seclusion against all Defendants.  Plaintiff's claim should be dismissed in its entirety for the reasons discussed below.

A.  **The State Law Tort Claim Against DPS Is Barred By The Eleventh Amendment.**

A state is immune from suit in federal court unless the state has consented to be sued or Congress has abrogated the state's immunity by an express statutory provision. U.S. Const. amend. XI; *see also Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  Federal courts lack jurisdiction over state-law claims against unconsenting states.  *Pennhurst*, 465 U.S. at 121 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment."); *Cooper v. St. Cloud State Univ.*, 226 F.3d 964, 968-69 (8th Cir. 2000).  The immunity extends to state agencies.  *Pennhurst*, 465 U.S. at 100.

Minnesota has not waived its Eleventh Amendment immunity from suit in federal court.   *See DeGidio v. Perpich*, 612 F. Supp. 1383, 1388-89 (D. Minn. 1985) (recognizing that the State of Minnesota's limited waiver of sovereign immunity from tort actions in state court is not a waiver of Eleventh Amendment immunity from suit in

federal court). Accordingly, Plaintiff's state tort claims asserted against DPS are barred by the Eleventh Amendment. To the extent that Plaintiff is suggesting an "official capacity" state tort claim against state officials, the claim is not viable for the same reasons.

**B. The State Law Tort Claim Against Defendants Should Be Dismissed Under 28 U.S.C. § 1367(c)(3) Along With Dismissal Of The Federal Claims.**

Although this Court may exercise supplemental jurisdiction over state law claims when a federal claim is properly before a federal court, in this instance it is appropriate to decline to exercise supplemental jurisdiction under 26 U.S.C. § 1367(c)(3), because Plaintiff's federal DPPA claim is not viable. *Willman v. Hartland Hosp. East*, 34 F.3d 605, 613 (8th Cir. 1994); *Gregorie v. Cla*ss, 236 F.3d 413, 419-20 (8th Cir. 2000); *Willhite*, 385 F.Supp.2d 926, 930 (D. Minn. 2005); *see also Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990) ("[t]he judicial resources of the federal courts are sparse" and thus, there is "the need to exercise judicial restraint and avoid state law issues whenever possible"). Since there are no viable federal law claims, this Court should decline to exercise supplemental jurisdiction and dismiss the Plaintiff's state law claims against Defendants.

**C. Even if this Court Considers Plaintiff's State Law Tort Claim, the Claim Against Defendants Should Be Dismissed With Prejudice on the Merits.**

Plaintiff asserts one count of common law invasion of privacy – intrusion upon seclusion. Plaintiff has failed to plead a cause of action for intrusion upon seclusion for

two independent reasons, either of which requires dismissal.  First, Plaintiff alleges no conduct by named individuals that could properly be characterized as an "intrusion."  Second, Plaintiff alleges no conduct on the part of named individuals that would be highly offensive to a reasonable person.

Minnesota recognizes the tort of invasion of privacy, including a cause of action for intrusion upon seclusion.  *Bodah v. Lakeville Motor Express, Inc.,* 663 N.W.2d 550, 553 (Minn. 2003).  "Intrusion upon seclusion occurs when one 'intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . if the intrusion would be highly offensive to a reasonable person.'"  *Lake v. Wal-Mart Stores, Inc.*, 582 N.W.2d 231, 233 (Minn. 1998) (quoting RESTATEMENT (SECOND) OF TORTS, § 652B (1977)).  The tort of intrusion upon seclusion has three elements: (a) an intrusion; (b) that is highly offensive; and (c) into some matter in which a person has a legitimate expectation of privacy.  *Swarthout v. Mutual Service Life Insurance Co.*, 632 N.W.2d 741, 744 (Minn. App. 2001).

Plaintiff alleges no conduct by named individuals that could properly be characterized as an "intrusion."  As addressed above, the only specific conduct attributed to Defendant Jacobson or Defendant Daley in the Complaint centers around their conversations with Plaintiff regarding her name change and the taking of corrective measures in the DVS database.  (Compl. ¶¶  51, 54, 55, 68, 69, 70, 71, 72.)  As such,

none of the alleged conduct by Defendant Jacobson or Defendant Daley can be construed as an intrusion upon the solitude or seclusion of Plaintiff or her private affairs.

Moreover, Plaintiff alleges no conduct on the part of Defendant Jacobson or Defendant Daley that would be highly offensive to a reasonable person. A preliminary determination of offensiveness must be made by the court in determining the existence of a cause of action for intrusion upon seclusion. *Fabio v. Credit Bureau of Hutchinson*, 210 F.R.D. 688, 692 (D. Minn. 2002). In determining whether an intrusion is offensive, courts consider "the degree of intrusion, the context, conduct and circumstances surrounding the intrusion as well as the intruder's motives and objectives, the setting into which he intrudes, and the expectations of those whose privacy is invaded," and "the number and frequency of the intrusive contacts." *Bauer v. Ford Motor Credit Co.,* 149 F.Supp.2d 1106, 1109 (D. Minn. 2001).

Plaintiff has not alleged that either Defendant Daley or Defendant Jacobson personally disclosed her personal information, nor has she identified any other conduct that could be considered highly offensive to a reasonable person. As addressed above, the Complaint establishes that Defendants were performing their official duties in responding to Plaintiff regarding her driver's license data and her name change. The limited specific conduct attributed to Defendant Daley and Defendant Jacobson in the Complaint would not be highly offensive to a reasonable person and, therefore, cannot sustain a viable cause of action for intrusion upon seclusion.

Finally, the tort of invasion of privacy is an intentional tort. *See Lake*, 582 N.W. 2d at 233 ("intrusion upon seclusion occurs when one '*intentionally* intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs") (emphasis added). Thus, Plaintiff's allegations of negligence, or even recklessness, on the part of the Defendants are not actionable as an invasion of privacy.

## CONCLUSION

For all of the aforementioned reasons, Defendants respectfully ask the Court to dismiss all Claims against DPS and its employees in their official and individual capacities with prejudice.

Dated:  October 17, 2017                    Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL
State of Minnesota

s/ Jeffrey K. Boman
JEFFREY K. BOMAN
Assistant Attorney General
Atty. Reg. No. 0396253

445 Minnesota Street, Suite 1100
St. Paul, Minnesota 55101-2128
(651) 757-1013 (Voice)
(651) 282-5832 (Fax)
jeffrey.boman@ag.state.mn.us

ATTORNEY FOR DEFENDANTS